UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-01526-AB-PD | Date: | March 18, 2024 |
|---|---|---|---|

| Title: | *Siranoush Shakerian et al v. Marshalls of CA, LLC et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (cleaned up).

The Court has diversity jurisdiction where the matter in controversy exceeds the value $75,000, and is between citizens of different states. *See* 28 U.S.C. § 1332(a). Defendant's Notice of Removal ("NOR") does not establish that this case satisfies either requirement.

Defendant's NOR is inadequate to establish that the $75,000 amount in controversy is satisfied. Plaintiff's state court form complaint for negligence and products liability seeks compensatory damages (the boxes for wage loss, hospital and medical expenses, general damage, loss of earning capacity, and other damage are checked) resulting from a slip-and-fall accident at Defendant's store. From this, Defendant asserts that it "is thus facially apparent from the Complaint that Plaintiff's claims exceed $75,000." NOR ¶ 18. The Court cannot find, based on the bare allegations of the Complaint, that Plaintiff's claims do satisfy the jurisdictional minimum.

Nor does the NOR establish complete diversity of the parties. Defendant is an LCC but alleges its own citizenship as if it were a corporation. This is incorrect. *See Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). In light of Defendant's defective allegations of its own citizenship, Defendant has not established complete diversity.

A district court may grant leave to amend when it appears that subject matter jurisdiction may exist even though the pleading inadequately alleges jurisdiction. *See* 28 U.S.C. § 1653; *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1555 (9th Cir. 1987). The Court therefore **ORDERS** Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction. Defendant's response should be an Amended Notice of Removal filed **by March 25, 2024**. Plaintiff may respond by April 1, 2024. If Defendant does not timely file an Amended Notice of Removal or if it does not adequately allege the Court's jurisdiction, the Court will remand this action.

**IT IS SO ORDERED**.